[Crim. No. 28201. Second Dist., Div. Four. Oct. 13, 1976.]

THE PEOPLE, Plaintiff and Respondent, v.
GAYLE SUSAN BRIGGS et al., Defendants and Appellants.

**COUNSEL**

Byron E. Countryman and David L. Cava, under appointments by the Court of Appeal, for Defendants and Appellants.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Kent L. Richland and Abram Weisbrot, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**KINGSLEY, J.**—Appellants pled guilty to possession of marijuana for sale (Health & Saf. Code, § 11359). They are appealing from the judgments (orders granting probation) under the authority of Penal Code section 1538.5, subdivision (m).

Shortly after midnight on September 12, 1975, Los Angeles County Deputy Sheriff Bruce Wright was proceeding westbound on Firestone Boulevard in a marked patrol vehicle with his partner, Mike Waters, when he observed a vehicle eastbound on Firestone Boulevard two blocks away cross the double yellow line from the number one eastbound lane into the number one westbound lane. The vehicle then swerved back across the double yellow line and the number one westbound lane into the number two lane. After nearly striking the curb, the vehicle proceeded back across the number two lane in front of a vehicle in the number one lane, causing that vehicle to brake and swerve into the number two lane to avoid a collision.

As the erratically driven vehicle passed the deputy sheriffs' patrol car, Deputy Wright made a U-turn and pursued it. His intent was to stop the vehicle to ascertain if the driver was driving under the influence. He observed the vehicle cross over the double yellow line two more times within the space of a block before effecting a traffic stop.

When the patrol vehicle's red lights and spot light were activated, the driver failed to stop after looking over her right shoulder in the direction of the pursuing patrol car. The siren was turned on and the driver stopped in the number one lane. When Officer Waters advised the driver to turn right at the next intersection, she complied with his request and struck the curb.

As Deputy Wright approached, the driver, appellant Rita Briggs, rolled down her window and he smelled a strong odor of burnt marijuana. Her eyes were red and watery and she kept licking her lips and tongue as though they were very dry. Her pupils were constricted.

When Deputy Wright asked her for her driver's license, he noted her speech was very slurred and almost unintelligible. He opened the driver's door and asked her to step out. She tried to step out and fell on her hands and knees. Both deputies carried her to the curb where they sat her down.

The passenger, Gayle Briggs, was leaning against the passenger door. Her eyes were closed, drool was coming out of her mouth, and her head was slumped. Deputy Wright was unsuccessful in his attempts to awaken her. He caught her as she fell out of the car when he opened the passenger door and carried her to the back of the patrol car. When he caught her, he observed a burnt marijuana cigarette in the vehicle's open ash tray. Rita Briggs was arrested for driving under the influence and Gayle Briggs was arrested for possession of marijuana.

After failing in his attempts to obtain identification from either the driver or the passenger, Deputy Wright searched the interior of the vehicle. He found two purses on the back seat.

Deputy Waters opened the purse found on the back seat directly behind the driver's seat to look for identification and found a very large baggie of marijuana weighing about 60 grams. Deputy Wright testified that since most baggies of marijuana he had encountered while making narcotic arrests weighed 10 to 15 grams, he thought that the appellants might be transporting marijuana because of the extremely large size of this baggie. Identification found in the purse indicated that it belonged to Rita Briggs.

The car's registration, found in the glove compartment, indicated Gayle Briggs owned the vehicle.

The deputy sheriffs decided to impound the vehicle and a tow truck was called. When Deputy Wright asked Gayle Briggs, who had awakened, if there was anything of value in the vehicle's trunk, she responded almost unintelligibly that she did not know if there was a tire or anything of value in the trunk. Deputy Wright also testified "At this time my partner and I discussed it between ourselves, the fact that possible civil litigation against us and the tow company coupled with the fact that she could not identify anything in the trunk, then my partner opened the trunk of the car." A trunk key found attached to the ignition key was used.

A brown grocery bag containing 33 baggies of marijuana was found in the trunk. The marijuana in the baggies was plainly visible upon opening the trunk. Appellants were arrested for possession of marijuana for sale.

 Appellant Rita Briggs contends that the search of her purse was unlawful and both appellants contend that the search of the vehicle's .trunk was unlawful.

The deputy sheriffs acted properly in stopping the vehicle driven by appellant Rita Briggs. "[C]ircumstances short of probable cause to make an arrest may still justify an officer's stopping pedestrians or motorists on the streets for questioning. . . . Should the investigation then reveal probable cause to make an arrest, the officer may arrest the suspect and conduct a reasonable incidental search." (*People* v. *Mickelson,* 59 Cal.2d 448, 450-451 [30 Cal.Rptr. 18, 380 P.2d 658].)

 There was reasonable cause to search Rita Briggs' purse (*Bethune* v. *Superior Court,* 11 Cal.App.3d 249, 257-285 [89 Cal.Rptr. 690].)

Relying on Deputy Wright's statement, above quoted, it is contended that the search of the trunk was improper. However, at trial, Deputy Wright also testified as follows:

"Q [By Mr. Wright, deputy district attorney] When you produced this bag, did that arouse any suspicions in your mind with regard to any further contraband in the car?

"A [By Officer Wright] Yes, it did. Over the last year and a half in the narcotics arrests that I have made, most Baggies I have seen weigh in at approximately 10 to 15 grams, and due to the large size of this I thought they may possibly be transporting narcotics."

In *Wimberly* v. *Superior Court* (1976) 16 Cal.3d 557 [128 Cal.Rptr. 641, 547 P.2d 417], the Supreme Court discussed and analyzed the California cases dealing with warrantless searches of automobile trunks. The court, after that discussion, and the rejection of the People's arguments for a broader rule, said (at p. 571): ". . . there is a recognized and protectable privacy interest in concealed areas of a car, and the search of a car like all other searches must be properly circumscribed to be 'reasonable' within the meaning of the Fourth Amendment and article I, section 13, of the California Constitution."

Although the court held, in *Wimberly,* that the officers did not, in that case, have reasonable grounds to suspect the presence of narcotics in the

car trunk, it recognized that, in other cases, such reasonable grounds might exist. We cannot say, in the case at bench, that the discovery of a bag of marijuana four times as large as would normally be possessed by the "casual user" involved in *Wimberly* did not give rise to a reasonable suspicion that the Briggs women were dealers. It follows that the motion to suppress was properly denied.

The judgments (orders granting probation) are affirmed.

Files, P. J., and Dunn, J., concurred.

A petition for a rehearing was denied November 1, 1976, and the petition of appellant Rita Briggs for a hearing by the Supreme Court was denied December 9, 1976.